This is a motion to discharge of record a lis pendens in the above-entitled case, on May 27th, 1925, in the office of the clerk of Monmouth county, giving notice of a suit to enforce specific performance of a certain contract covering premises on Seventh avenue, in Asbury Park.
On May 8th, 1925, John D. Randall, defendant, sold to Maeze W. Bianchi these premises, and on that day gave her a deed for the premises for the consideration paid as set forth in the affidavits. On May 26th, Anna L. Harvey, complainant in this case, filed a bill seeking specific performance of an agreement with Randall covering the same property. On May 27th the clerk of Monmouth county received by mail the deed which conveyed the property to Maeze W. Bianchi and the lis pendens. He recorded each one as of May 27th, 1925, at eight A.M.
The Lis Pendens act, amendment of 1925 (P.L. 1925 p. 416ch. 168), provides that —
"Neither the issuing of a summons or subpoena, or other process, * * * shall be deemed * * * constructive notice to anybona fide purchaser * * * until the plaintiff or complainant in such action, or his attorney or solicitor, shall have first filed in the office of the clerk of the court of common pleas * * * a written notice of the pendency of such suit."
The suit was filed on May 27th. The lis pendens and the deed were filed simultaneously on May 27.
(1, 2) It is alleged that the deed to Bianchi was dated on May 8th. A deed, unless there are other circumstances, speaks from the date of its delivery. It should be noticed that the contract on which Harvey is suing Randall was an agreement of sale, and it was recorded in the office of the clerk of Monmouth county on May 9th, in book U of miscellaneous records, page 368. It is contended that this filing should have been notice to Bianchi of the prior contract.
Section 52 of the act respecting conveyances (P.L. 1898p. 690), as amended in P.L. 1904 p. 70 (2 Comp. Stat. p. 1552), provides that — *Page 106 
"No deed or instrument of the nature or description set forth in the twenty-first section of this act, heretofore or hereafter to be made and executed, shall be recorded in the office of any clerk of the court of common pleas, unless the execution of the same shall have been first acknowledged or proved and certified in the manner hereinbefore directed except as herein stated, and except conveyances made by a sheriff or other officer or auditors in attachment, in pursuance of a decree, judgment, execution or order of a court, which may be recorded as heretofore."
Section 21 of the act respecting conveyances, as amended (P.L.1917 p. 296), and referred to in section 52, includes in the list of instruments to be recorded "Agreements for Sale."
In addition to the above requirement, the act respecting conveyances provides that, when such "Agreements for Sale" are recorded, they shall be recorded under "Deeds." It will therefore be seen that this alleged agreement was not recorded under "Deeds," but under "Miscellaneous Records," and that it had no acknowledgment. I, therefore, think that it was improperly recorded, and that Bianchi was not in laches for not discovering it under the caption "Miscellaneous Records," when it should have been recorded under the caption "Deeds."
(3) Assuming the deed to Bianchi and lis pendens were filed simultaneously, as the records show, the question arises, Is thislis pendens a proper notice?
I cannot see how a lis pendens filed on the very same day, hour and minute that a deed was filed can possibly be a notice to the filer of the deed. Apparently, Bianchi searched the records and could find no prior contract recorded, because it was not acknowledged, as it should have been, and was not recorded in the place where the act requires it to be recorded, and, therefore, title under his deed was not affected by it.
I do not think there is any reason why the recording of thelis pendens is binding on Bianchi, and I shall therefore advise a decree that the lis pendens shall be discharged of record in so far as it affects Bianchi. *Page 107